UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 12-60844-CIV-MARRA/MATTHEWMAN

JORGE RODRIGUEZ and MARIA RENTEL,

Plaintiffs,

vs.

JUSTIN LAMBERT, JAMES CADY and
RANDY VILLATA, individually and
ALFRED T. LAMBERTI, as Sheriff of
Broward County,

Defendants.
_____/

## OPINION AND ORDER

This cause is before the Court upon Plaintiffs Jorge Rodriguez and Maria Rentel's ("Plaintiffs") Motion to Strike Defendant Sheriff's Affirmative Defense ¶ 6 in his Answer to the Complaint as Violative of the Supremacy Clause of the United States Constitution (DE 16). Defendant Alfred T. Lamberti filed a response (DE 21). No reply memorandum has been filed.

I.  Background

Plaintiffs have filed an eighteen-count Complaint against several Broward county sheriff deputies and Alfred T. Lamberti, as Sheriff of Broward County (the "Sheriff") (collectively, "Defendants"). (DE 1.) The Complaint alleges that Defendants acted improperly when the sheriff deputies used force and a taser on Mr. Rodriguez and handcuffed his wife, Ms. Rental. (Compl. ¶¶ 5-60.) Plaintiffs bring several causes of action pursuant to 42 U.S.C. § 1983 (counts one through five, count eight, counts twelve through thirteen), malicious prosecution (counts six through seven), battery (counts nine and eighteen), loss of consortium (counts ten through

eleven) and false arrest/false imprisonment (counts fourteen through seventeen).

In response, Defendants have filed an Answer and Affirmative Defenses (DE 15). Affirmative defense six states:

> As a further and separate Defense, the Defendant Sheriff would assert that the conditions precedent, as well as the conditions subsequent, to the maintenance of this cause of action may not have been complied with by Plaintiff pursuant to Florida Statutes §§768.28(6),(7).

(Affirmative Defense ¶ 6.)

The parties agree that the Sheriff's position is that Florida law requires, as a condition precedent, that a claimant provide his or her social security number to the Defendant state agency and the Florida Department of Financial Services. Plaintiffs have not provided their social security numbers on the basis that the numbers are confidential as a matter of law. Plaintiffs do not intend to provide this information and therefore have filed the instant motion to resolve whether they must provide this information to recover on any state claim against the Sheriff.

II. Legal Standard

Rule 12(f) of the Federal Rules of Civil Procedure provides that "the court may strike from a pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). "A defense is insufficient as a matter of law if, on the face of the pleadings, it is patently frivolous, or if it is clearly invalid as a matter of law." Anchor Hocking Corp. v. Jacksonville Elec. Auth., 419 F. Supp. 992, 1000 (M.D. Fla. 1976). Generally, motions to strike are disfavored and "will usually be denied unless the allegations have no possible relation to the controversy and may cause prejudice to one of the parties." Carlson Corp./ Southeast v. School Bd. Of Seminole County, 778 F. Supp. 518, 519 (M.D. Fla. 1991).

Therefore, affirmative defenses should only be stricken when they are insufficient on the face of the pleadings. See Anchor Hocking Corp., 419 F. Supp. at 1000. When the sufficiency of the defense depends upon disputed issues of fact or questions of law, a motion to strike an affirmative defense should not be granted. See United States v. Marisol, Inc., 725 F. Supp. 833, 836 (M.D. Pa. 1984).

III. Discussion

Florida Statutes § § 768.28 provides in pertinent part as follows:

(1) In accordance with s. 13, Art. X of the State Constitution, the state, for itself and for its agencies or subdivisions, hereby waives sovereign immunity for liability for torts, but only to the extent specified in this act.
. . . .

(6)(c) The claimant shall also provide to the agency the claimant's date and place of birth and social security number if the claimant is an individual, or a federal identification number if the claimant is not an individual. The claimant shall also state the case style, tribunal, the nature and amount of all adjudicated penalties, fines, fees, victim restitution fund, and other judgments in excess of $200, whether imposed by a civil, criminal, or administrative tribunal, owed by the claimant to the state, its agency, officer or subdivision. If there exists no prior adjudicated unpaid claim in excess of $200, the claimant shall so state.

(d)  For purposes of this section, complete, accurate, and timely compliance with the requirements of paragraph (c) shall occur prior to settlement payment, close of discovery or commencement of trial, whichever is sooner . . .
. . . .

7) In actions brought pursuant to this section, process shall be served upon the head of the agency concerned and also, except as to a defendant municipality or the Florida Space Authority, upon the Department of Financial Services; and the department or the agency concerned shall have 30 days within which to plead thereto.

Florida Statutes § § 768.28(1), (6)(c) and (d), and (7).

In the first instance, a waiver of the state sovereign immunity is not required for the Section 1983 claims asserted against the Sheriff to proceed. In Owen v. City of Independence,

3

Mo., 445 U. S. 622 (1980), the Supreme Court stated:

> [T]he municipality's "governmental" immunity is obviously abrogated by the sovereign's enactment of a statute making it amenable to suit. Section 1983 was just such a statute. By including municipalities within the class of "persons" subject to liability for violations of the Federal Constitution and laws, Congress-the supreme sovereign on matters of federal law-abolished whatever vestige of the State's sovereign immunity the municipality possessed.

Id. at 647-48. Similarly, in Felder v. Casey, 487 U.S. 131 (1988) and Patsy v. Board of Regents of Florida, 457 U.S. 496 (1982), the Supreme Court addressed the applicability of state statutes requiring pre-suit notice and a waiting period before suit could be filed, and rejected the applicability of such requirements on Section 1983 claims whether brought in state or federal court. Since the Sheriff is a municipal official and, as a matter of federal law, not immune from suit under Section 1983[1], neither the State of Florida's sovereign immunity, nor a state statute that purports to waive immunity against the Sheriff only on the fulfillment of certain conditions, are applicable to the Section 1983 claims brought in this case.

Furthermore, to the extent Plaintiff is pursing state law claims, Section 7 of the Federal Privacy Act of 1974 provides that, ""It shall be unlawful for any Federal, State or local government agency to deny to any individual any right, benefit, or privilege provided by law because of such individual's refusal to disclose his social security account number." 5 U.S.C. § 552a note. The exceptions to this rule include "any disclosure required by federal statute" or "any disclosure of a social security number to any federal, state or local agency maintaining a system of records in existence and operating before January 1, 1975, if such disclosure was

---

[1] Hufford v. Rodgers, 912 F.2d 1338, 1341 (11th Cir. 1990) (sheriff is county official and not agent of the state so Eleventh Amendment does not bar suit).

required under statute or regulation adopted prior to such date to verify the identify of an individual." Section 7(A)(1) and Section 7(A)(2)(B).  Notably, Florida Statute § 768.28(6)(c) was enacted in 1991.[2] 1991 Fla. Sess. Law Serv. Ch. 91-209 (Committee Substitute for the Committee Substitute for House Bill 937).

In <u>Florida Division of Worker's Compensation v. Cagnoli</u>, 914 So. 2d 950 (Fla. 2005), the Florida Supreme Court ruled that a workers' compensation claimant is not required to provide his social security number when applying for benefits because that requirement violates the Privacy Act of 1974.  <u>Id.</u> at 950-51. The Florida Supreme Court stated that the exception in Section 7(A)(2)(B) did not apply because the Florida statute requiring workers to list their social security number was not enacted until 1980. <u>Id.</u> at 951.  The clear inference from the <u>Cagnoli</u> decision is that under the Supremacy Clause of the United States Constitution, Art. VI, cl. 2, the Privacy Act trumps the state statutory requirements.

For the foregoing reasons, the Court grants Plaintiffs' Motion to Strike will be granted.

IV.  Conclusion

Accordingly, it is hereby **ORDERED AND ADJUDGED** that Plaintiffs' Motion to Strike Defendant Sheriff's Affirmative Defense ¶ 6 in his Answer to the Complaint as Violative of the Supremacy Clause of the United States Constitution (DE 16) is **GRANTED.**  Affirmative

---

[2] The legislative history reflects that this provision was enacted to determine whether the claimant owes the agency against whom the claim is being asserted a sum of money based on an unpaid judgment or adjudicated penalty, fine, fee or victim restitution. House Staff Analysis, CS/HB 937, Mar. 13, 1991, at p. 4.  The legislature intended for the provision to result in a savings to the state because claims could: (1) potentially be dismissed for failure to comply with the disclosure requirement or (2) reduced as a result of an off-set for monies owed to the state. Senate Staff Analysis, CS/SB 1044, Mar. 13, 1991, at 6.

Defense number 6 is stricken.

**DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 11th day of October, 2012.

_____
KENNETH A. MARRA
United States District Judge